UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN McCARTHY, :
    Petitioner :
     :
    v. : CIVIL NO. 1:15-CV-124
     :
DAVID EBBERT, :
    Respondent. :
     :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    We are considering Petitioner's objections to the Report and Recommendation of Magistrate Judge Carlson (Doc. 3), which recommends that we either dismiss the petition for habeas corpus without prejudice, or transfer it to the District of Connecticut as a petition under 28 U.S.C. § 2255. Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

    The magistrate judge recommends that we dismiss or transfer McCarthy's petition because it raises an ineffective assistance of counsel claim, which must proceed under § 2255. McCarthy objects to this finding, and argues that the magistrate judge did not construe his petition liberally enough. McCarthy claims that he has raised an "actual innocence" claim, and that his claim should proceed under § 2241. He is mistaken. To

establish a claim of actual innocence, McCarthy must demonstrate: "(1) his 'actual innocence,' (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review." In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997). Even under an extremely liberal construction, McCarthy's petition cannot meet this standard. As the magistrate judge explained, the conduct giving rise to his conviction–possession of a firearm by a felon–"remains as illegal today as it was when McCarthy was convicted in 1994." (Doc. 3 at 8). McCarthy's objection on this ground is overruled.

McCarthy also claims that he should be entitled to proceed under § 2241 because he has already filed a § 2255 petition, and was not accorded full and fair consideration on the merits of that petition. However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief . . . ." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). As the magistrate judge observed, McCarthy has not shown that § 2255 is an inadequate or ineffective remedy in his case, "[r]ather, he has merely demonstrated that his efforts to rely on § 2255 thus far have been unavailing." (Doc. 3 at 9). It is clearly established that § 2255 is the proper vehicle for a post-conviction challenge to the adequacy of trial counsel. See United States v. Sandini, 888 F.2d 300, 311-12 (3d Cir. 1989), cert. denied, 494 U.S. 1089 (1990). We agree with the magistrate judge that this matter should be transferred to the District of Connecticut for consideration as a petition under § 2255.

ACCORDINGLY, this 23rd day of February, 2015, upon consideration of the report and recommendation of the magistrate judge (Doc. 3), filed January 21st, 2015, and the objections that were filed, it is ordered that:

1. The magistrate judge's report (Doc. 3) is adopted.

2. Pursuant to 28 U.S.C. § 1404, this matter is hereby transferred to the District of Connecticut for consideration as a petition under 28 U.S.C. § 2255.

      /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge